IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LEWIS McKENZIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16-CV-466-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Before the court is Petitioner Lewis McKenzie's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence imposed in 2003 under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Doc. # 1.[1]  *See United States v. McKenzie*, No. 3:02-CR-151-WHA (M.D. Ala. 2003) (criminal judgment).  Through counsel, McKenzie filed this § 2255 motion challenging his designation as an armed career criminal under the ACCA based upon the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  McKenzie argues that, under *Johnson*, in which the Supreme Court held that the residual clause of the "violent felony" definition in the ACCA is unconstitutional, he no longer has three prior convictions that qualify as ACCA predicates. He seeks resentencing without application of the ACCA.  The government contends that,

---

[1] Unless otherwise indicated, references to "Doc(s). #" are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

notwithstanding the *Johnson* decision and in light of the Eleventh Circuit's decision in

*Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), McKenzie cannot show that his

ACCA-enhanced sentence turned on the validity of the residual clause.  Based upon careful

consideration of the briefing and the governing law, the undersigned finds that McKenzie's

§ 2255 motion is due to be denied.

## II.   BACKGROUND AND PROCEDURAL HISTORY

In March 2003, a jury found McKenzie guilty of the four counts in an indictment,

including one count of being a felon in possession of a firearm, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(e)(1) (Count 1).[2]  A conviction under § 922(g)(1) normally carries a

sentence of not more than ten years' imprisonment.  18 U.S.C. § 924(a)(2).  However,

under the ACCA, an individual who violates § 922(g) and has three prior convictions for a

violent felony, a serious drug offense, or both, is subject to an enhanced sentence of not

less than fifteen years.  28 U.S.C. § 924(e)(1); *see also Descamps v. United States*, 570

U.S. 254, 258 (2013) (noting the typical statutory maximum sentence and the ACCA's

heightened mandatory minimum for § 922(g) convictions).

In 2003, when McKenzie was sentenced, the ACCA defined a "violent felony" as

any crime punishable by imprisonment for a term exceeding one year that (1) "has as an

element the use, attempted use, or threatened use of physical force against the person of

another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3)

---

[2] In addition to being convicted of the § 922(g)(1) count under Count 1, McKenzie was convicted of
distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession with intent to distribute
cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 3); and possessing a
firearm during in furtherance of a drug trafficking crime, in violation of  18 U.S.C. § 924(c)(1) (Count 4).

"otherwise involves conduct that presents a serious potential risk of physical injury to another."  28 U.S.C. § 924(e)(2)(B).  These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-offenses clause; and (3) and the now-void residual clause.  *See In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2016).

The sentencing record does not reveal which ACCA definition of "violent felony" undergirds McKenzie's enhanced sentence.  The presentence investigation report ("PSI") stated that McKenzie had the requisite number of predicate convictions to subject him to an ACCA-enhanced sentence.  Doc. # 3-3 at 8, ¶ 26.  However, the PSI did not specify which of McKenzie's prior convictions were the qualifying predicate convictions; nor did it specify which clause of the ACCA definition of "violent felony" a particular prior conviction fell under.  *Id*.  The criminal history section of the PSI contained more than three prior felony convictions.  A fair reading of the record reflects—and the parties agree—that the district court sentenced McKenzie under the ACCA based on (1) a 1986 Alabama conviction for distribution of marijuana; (2) a 1986 Alabama conviction for burglary in the third degree; and (3) a 1991 Alabama conviction for arson in the second degree. *See id*. at 9–11, ¶¶ 32, 33 & 37.

McKenzie's sentencing hearing was held on July 15, 2003.  After the district court noted there were no objections to the PSI, McKenzie's counsel indicated he had no objections to the facts stated in the PSI and no objections to the guideline calculations in the PSI, because they were "based on the law . . . as it exists at this time."  Doc. # 3-4 at 4.  However, McKenzie's counsel noted that he objected to the decision in *United States v.*

3

*Taylor*, 495 U.S. 575, 598 (1990), in which the Supreme Court found burglary was a violent felony for purposes of the ACCA, because counsel believed *Taylor* was wrongly decided. *Id.* at 4–5. Accordingly, counsel argued that McKenzie's prior burglary conviction should not count as qualifying predicate conviction for purposes of the ACCA. *Id.* at 5. The district court overruled this objection. *Id.*

The district court then adopted the findings in the PSI, specifically adopting the findings that McKenzie's offense level was 34 and his criminal history category was VI, resulting in a sentencing guidelines range of from 262 to 327 months, with a 60-month consecutive sentence required on Count 4 (the § 924(c) count). *See* Doc. # 3-4 at 5; Doc. # 3-3 at 7–8. After hearing from the parties on the appropriate sentence, the district court sentenced McKenzie to 337 months in prison, consisting of 277 months on Count 1 (the § 922(g)(1) count); 240 months on Counts 2 and 3, concurrent to Count 1; and 60 months on Count 4, consecutive to all other counts. McKenzie appealed; the Eleventh Circuit affirmed his convictions and sentence. *United States v. McKenzie*, 91 F. App'x 656 (11th Cir. 2004).

In April 2005, McKenzie filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See McKenzie v. United States*, Civil Action No. 2:05cv332-WHA. In July 2007, this court denied McKenzie relief on the claims in his § 2255 motion. The Eleventh Circuit denied McKenzie's application for a certificate of appealability in October 2007 and denied his request for reconsideration of that denial in December 2007.

In June 2015, over eleven years after the imposition of McKenzie's sentence, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. *Johnson*

4

*v. United States*, 135 S. Ct. 2551 (2015).   In *Johnson*, the Court reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges.   Increasing a defendant's sentence under the clause denies due process of law."   *Id*. at 2557.   However, the Court "d[id] not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony."   *Id*. at 2563 (alterations added).   Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

On May 16, 2016, McKenzie filed an application with the Eleventh Circuit seeking leave to file a second or successive § 2255 motion based on the Supreme Court's decisions in *Johnson* and *Welch*.   In that application, McKenzie argued that he was sentenced under the ACCA based on prior convictions that qualified as violent felonies under the ACCA's now-void residual clause and thus his ACCA-enhanced sentence is invalid.   On May 24, 2016, the Eleventh Circuit authorized McKenzie to file a second-or-successive § 2255 motion under 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A) regarding his claim that his ACCA-enhanced sentence is invalid under *Johnson*.

On June 21, 2016, McKenzie filed this § 2255 motion arguing he is entitled to be resentenced on Count 1 without the ACCA-enhancement because, after *Johnson*, his Alabama conviction for burglary in the third degree no longer qualifies as a violent felony under the residual clause of the ACCA, and without the residual clause, the classification of that burglary conviction under the remaining ACCA definitions of violent felony is also

5

incorrect because subsequent Eleventh Circuit decisions have held that burglary in the third degree under the Alabama statute is not a generic burglary for purposes of the ACCA's enumerated-offenses clause. Doc. # 1. Almost one year after filing his § 2255 motion, McKenzie filed a Motion for Ruling and Grant of Resentencing, in which he argued that his Alabama conviction for arson in the second degree, like his burglary conviction, was also improperly used to enhance his sentence under the ACCA because Alabama second-degree arson is not generic arson for purposes of the ACCA's enumerated-offenses clause, meaning the sentencing court relied solely on the now-void residual clause to qualify his arson conviction as a violent felony for purposes of the ACCA. Doc. # 10.

Subsequently, the government was ordered to respond to McKenzie's claim that his Alabama second-degree arson conviction (like his prior burglary conviction) provides a basis for relief under *Johnson*. Doc. # 17. The government filed a response arguing that in light of the Eleventh Circuit's intervening decision in *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), McKenzie is entitled to no relief under *Johnson* because he fails to prove that his ACCA-enhanced sentence turned on the validity of the residual clause. Doc. # 22. McKenzie then filed a reply to the government's response. Doc. # 25.

There is no disagreement between the parties that McKenzie's prior Alabama conviction for distribution of marijuana constitutes a serious drug offense that qualifies as an ACCA predicate conviction. The parties agree that the question for this court is whether, under *Johnson*, McKenzie's ACCA-enhanced sentence should be set aside based on the district court's counting of McKenzie's Alabama convictions for third-degree burglary and second-degree arson as predicate violent felonies for purposes of the ACCA.

6

### III.   DISCUSSION

The Eleventh Circuit's grant of certification to file this § 2255 motion is only a "threshold determination" that "does not conclusively resolve" the question whether McKenzie has actually satisfied the requirements of § 2255(h).  *In re Moore,* 830 F.3d 1268, 1270–71 (11th Cir. 2016).   Rather, this court must make an independent determination of whether McKenzie meets § 2255(h)'s requirements and "'decide every aspect of the case fresh, or in the legal vernacular, *de novo.*'"  *In re Chance*, 831 F.3d 1335, 1338 (11th Cir. 2016) (quoting *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1358 (11th Cir. 2007)).  This gatekeeping role recognizes that this court is in the best position to make the § 2255(h) assessment.  *Jordan*, 485 F.3d at 1358; *see also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that the court of appeals' threshold conclusion in granting a successive application that a prima facie showing has been made is necessarily a "limited determination" as the district court then must also decide "fresh" the issue of whether § 2255(h)'s criteria are met).

Recent binding Eleventh Circuit precedent forecloses the possibility that McKenzie has met the 2255(h) requirements for filling a second or successive petition based on *Johnson.*  In *Beeman* v. United States, 871 F.3d 1215 (11th Cir. 2017), the Eleventh Circuit held that a § 2255 movant bears the burden of proving a *Johnson* claim, stating:

> To prove a *Johnson* claim, a movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received.  Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation.  That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the

7

enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

871 F.3d at 1221 (internal footnote and citation omitted).  Because the "burden of proof and persuasion" was "critical" to its decision, the Eleventh Circuit in *Beeman* elaborated that, "[t]o prove a *Johnson* claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence."  *Id.* at 1221–22.  "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause."  *Id*. at 1222.  The Eleventh Circuit also emphasized that the movant must prove a "historical fact"—namely, that at the time of sentencing, the defendant was "sentenced solely per the residual clause."  *Id.* at 1224 n.5.  "[A] sentencing court's decision today" that a prior offense no longer qualifies as a violent felony under the elements cause or enumerated-offenses clause "would be a decision that casts very little light, if any, on the key question of historical fact."  *Id*.  However, "if the law was clear at the time of sentencing that *only* the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause."  *Id*. (emphasis added).  Hence, it is the state of the law at the time of sentencing that principally guides consideration of whether the § 2255 movant was sentenced under the residual clause.  *Id.*

A.    **McKenzie's Alabama Third-Degree Burglary Conviction**

McKenzie contends that his Alabama conviction for burglary in the third degree does not qualify as a violent felony under the now-void residual clause of the ACCA. He contends that without the residual clause, the classification of his burglary conviction under the remaining ACCA definitions of violent felony is also incorrect because Eleventh Circuit decisions since he was sentenced have held that burglary in the third degree under the Alabama statute is not generic burglary for purposes of the ACCA's enumerated-offenses clause.[3]  *See* Docs. # 1, 10 & 25.

At the time of McKenzie's 1986 Alabama conviction for burglary in the third degree, § 13A-7-7, Ala. Code 1975, provided: "A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein."[4]  § 13A-7-7(a), Ala. Code 1975.  Section 13A-7-1(2) of the Alabama Code defines "building," for purposes of the burglary offenses set out in §§ 13A-

---

[3] In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court established a uniform "burglary" definition for the purposes of sentencing under the ACCA.  495 U.S. at 592 ("We think that "burglary" in § 924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes."); *see also Descamps v. United States*, 570 U.S. 254, 260–61 (2013) ("We begin with *Taylor v. United States*, which established the rule for determining when a defendant's prior conviction counts as one of ACCA's enumerated predicate offenses (e.g., burglary).") (citing *Taylor*, 495 U.S. 575).  "Congress meant by 'burglary,'" the *Taylor* Court held, "the generic sense in which the term is now used in the criminal codes of most States."  495 U.S. at 598.  Acknowledging that "the exact formulations vary" across states, the Court concluded that, with regard to the ACCA, "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."  *Id.* (citing W. LaFave & A. Scott, *Substantive Criminal Law* § 8.13(a), (c), (e) ).  Thus, "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."  *Id.* at 599.

[4] The definition of third-degree burglary in § 13A-7-7 was amended significantly in January 2016.  The version of § 13A-7-7 quoted above and considered in this Recommendation was in effect from 1979 to 2015.  *See Northcutt v. United States*, 2017 WL 9470793, at *5 (M.D. Ala. 2017).

7-7 (third-degree burglary) and 13A-7-6 (second-degree burglary), as follows:

> Any structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and such term includes any vehicle, aircraft or watercraft used for the lodging of persons or carrying on business therein, and such term includes any railroad box car or other rail equipment or trailer or tractor trailer or combination thereof.

§ 13A-7-1(2), Ala. Code 1975.[5]

McKenzie argues that the sentencing court, in 2003, could not have found that his Alabama third-degree burglary conviction qualified as a violent felony under the ACCA's enumerated-offenses clause. He points to the Eleventh Circuit's decision in 2014 in *United States v. Howard*, 742 F.3d 1334, 1349 (11th Cir. 2014), where the Court held that a conviction under Alabama's third-degree burglary statute "cannot qualify as generic burglary under the ACCA" and, thus, is not a predicate violent felony under the ACCA's enumerated-offenses clause.[6] Hence, McKenzie contends that only the ACCA's residual clause could have authorized a finding that his burglary conviction was a violent felony

---

[5] In August 2016, this statute's subsection designation was renumbered as § 13A-7-1(1).

[6] The Eleventh Circuit in *Howard* applied *Descamps v. United States*, 570 U.S. 254 (2013), to conclude that third-degree burglary under § 13A-7-7 was "non-generic" because the definition of "building," as used in the statute and specifically defined at § 13A-7-1, included things such as vehicles, aircraft, and watercraft, which are outside the scope of generic burglary. *Howard*, 742 F.3d at 1348. Comparing the elements of Alabama third-degree burglary to generic burglary, Alabama third-degree burglary criminalizes broader conduct. Specifically, it also criminalizes unlawful entry into vehicles, aircraft, and watercraft. Generic burglary does not. *Id*. The Court in *Howard* further held that Alabama's third-degree burglary statute was "indivisible" because, under *Descamps*, the various listed items included in the statute's definition of "building" were "not alternative elements" of the offense of third-degree burglary defining multiple distinct crimes. *Id*. (citing *Descamps*, 570 U.S. at 276). Instead, the statute listed various factual means of committing a single element of the offense, making it indivisible. *See Mathis* v. United States, 136 S.Ct. 2243, 2249 (2016). The Eleventh Circuit concluded that, because the statute was non-generic and indivisible, "a conviction under Alabama Code § 13A-7-7 cannot qualify as generic burglary under the ACCA" and, thus, is not a predicate offense under the ACCA's enumerated-crimes clause. *Howard*, 742 F.3d at 1349 (citing *Descamps*, 570 U.S. at 276–77).

and his sentencing court must have relied upon that now-void clause to enhance his sentence under the ACCA.[7]

*Johnson* entitles petitioners to collateral relief from ACCA-enhanced sentences that were based on the residual clause. Did the district court rely solely on the residual clause (as *Beeman* requires) to find that McKenzie's Alabama third-degree burglary conviction was a violent felony for purposes of the ACCA? The record and the relevant law when McKenzie was sentenced suggest that this is not so. There was Eleventh Circuit authority at least as early as 2007 (after McKenzie was sentenced, but much closer in time to his sentencing than the Court's 2014 decision in *Howard*) demonstrating that a sentencing court could rely on the enumerated-offenses clause to find an Alabama third-degree burglary conviction was a violent felony under the ACCA. *See United States v. Moody*, 216 F. App'x 952 (11th Cir. 2007). In *Moody*, the panel held that the version of § 13A-7-7 of the Alabama Code in effect in 1982 (the same version in effect in 1986), "unambiguously include[d] the elements of 'generic burglary.'" *Id.* at 953. It thus held that under a categorical approach—which looks only to the "fact of conviction and the statutory definition of the prior offense," *Taylor v. United States*, 495 U.S. 575, 602 (1990)—a conviction under section 13A-7-7 is "burglary" within the meaning of the enumerated-offenses clause of the ACCA. The Court's decision in *Moody*, although not

---

[7] McKenzie contends that his Alabama third-degree burglary conviction cannot qualify as a violent felony under the ACCA's *elements* clause because the Alabama statute defining that offense does not contain—and has never contained—"as an element the use, attempted use, or threatened use of physical force against the person of another." Doc. # 24 at 25 (citing § 924(e)(2)(B)(i)). The government does not dispute this contention. This court accepts McKenzie's premise that an Alabama conviction for third-degree burglary did not qualify as a violent felony under the ACCA's elements clause at the time of McKenzie's conviction and does not currently qualify as a violent felony under the ACCA's elements clause.

binding precedent, shows that a sentencing court could have found that an Alabama third-degree burglary conviction qualified as a violent felony under the enumerated-offenses clause based upon a categorical approach.  Contrary to McKenzie's suggestion, the case law was not clear at the time of sentencing that only the residual clause, and not also the enumerated-offenses clause, would authorize a finding that an Alabama third-degree burglary conviction was a violent felony.[8]  *See Beeman*, 871 F.3d at 1224 n.5.

Moreover, McKenzie can point to no facts in the sentencing record (including the PSI) that establish that the sentencing court relied solely on the residual clause, as opposed to also or solely relying on the enumerated-offenses clause, to qualify his Alabama third-degree burglary conviction as a violent felony for purposes of the ACCA.  *See Beeman*, 871 F.3d at 1221.  The district court made no express finding that the burglary conviction qualified under either the residual clause or the enumerated-offenses clause.  The PSI does not state which clause McKenzie's burglary conviction qualified under, and neither McKenzie's counsel nor counsel for the government argued which clause applied to qualify the burglary conviction as a violent felony under the ACCA.

If there is any evidence on this question, it weighs in favor of finding that the sentencing court considered the third-degree burglary conviction to qualify under the enumerated-offenses clause.  The crime of burglary is listed under the ACCA's enumerated-offenses clause, although we now know that it must be a generic burglary and

---

[8] The court recognizes that if McKenzie were sentenced today his Alabama third-degree burglary conviction would not count as an ACCA predicate offense under the enumerated-offenses clause (or, in light of *Johnson*, under the now-void residual clause).

that Alabama third-degree burglary no longer qualifies as generic burglary, *see Howard*, 742 F.3d at 1349.  At the time of McKenzie's 2003 sentencing, there was ample Eleventh Circuit authority for sentencing courts in this Circuit to apply the modified categorical approach to determine that a prior conviction under a non-generic burglary statute (like Alabama's third-degree burglary statute) constituted generic burglary.  *See United States v. Adams*, 91 F.3d 114, 115 (11th Cir. 1996) (sentencing court could rely on facts underlying prior conviction under Georgia's non-generic burglary statute to find conviction constituted generic burglary and was therefore a violent felony under the ACCA); *United States v. Spell*, 44 F.3d 936, 938–39 (11th Cir. 1995) (sentencing court could rely on facts underlying prior conviction under Florida's non-generic burglary statute to find conviction constituted generic burglary and therefore a crime of violence under career offender guideline enhancement).  *See also Swatzie v. United States*, 2019 WL 141062, at *1 (11th Cir. Jan. 9, 2019) (citing *Adams* and *Spell*; applying *Beeman* to uphold district court's denial of *Johnson* claim in successive § 2255 motion*, holding that sentencing court in 2000 could have relied on facts underlying a prior conviction under Florida's non-generic burglary statute to find the conviction constituted generic burglary and was therefore a violent felony under the ACCA's enumerated-offenses clause, as opposed to the residual clause).  Eleventh Circuit decisions at least as early as 2006 also supported a sentencing court's use of the modified categorical approach to assess whether an Alabama burglary conviction was a generic burglary and therefore a violent felony under the ACCA's enumerated-offenses clause.  *See United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006); *United States v. Bennett*, 472 F.3d 825, 832, 833–34 (11th Cir. 2006).  McKenzie's

PSI reflects that the underlying facts of his Alabama third-degree burglary conviction involved his breaking out a window of a gas station and entering and stealing a quantity of cigarettes. Doc. # 3-3 at 9, ¶ 32. Thus, the underlying facts of McKenzie's burglary suggest that it was a "factually generic burglary," albeit one charged in a non-generic burglary statute.[9] A sentencing court in 2003 "would have been comfortably within circuit law to have applied the modified categorical approach . . . to conclude that [McKenzie's] Alabama conviction[ ] for third-degree burglary under Alabama's non-generic statute qualified as generic burglary under the ACCA's enumerated-crimes clause." *Ziglar v. United States*, 201 F. Supp. 3d 1315, 1325 (M.D. Ala. 2016), subsequently aff'd, 2018 WL 6505435 (11th Cir. Dec. 11, 2018).

Under *Beeman*, what happened at sentencing, as a matter of historical fact, is the concern when determining if a petitioner has sustained his *Johnson* claim. *Beeman*, 871 F.3d at 1224 n.5. The record and the relevant law when McKenzie was sentenced in 2003 do not suggest that the district court relied solely on the residual clause to find that McKenzie's prior Alabama third-degree burglary conviction was a violent felony for purposes of the ACCA.[10] Therefore, as to the third-degree burglary conviction, McKenzie

[9] That is, it appears McKenzie's actions constituted the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). This court cannot conceive of additional facts not alleged in the PSI that might have taken McKenzie's burglary outside the realm of factually generic burglary.

[10] In several recent decisions, the Eleventh Circuit has applied *Beeman* to affirm the denial of a *Johnson* claim where the petitioner failed to prove it was more likely than not that the sentencing court relied solely on the residual clause to find that the petitioner's prior conviction was a violent felony for purposes of the ACCA. *See Swatzie v. United States*, 2019 WL 141062 (11th Cir. Jan. 9, 2019); *Frey v. United States*, 2018 WL 5255226 (11th Cir. Oct. 22, 2018); *Robertson v. United States*, 749 F. App'x 914 (11th Cir. 2018); *Smith v. United States*, 749 F. App'x 827 (11th Cir. 2018); *Bivins v. United States*, 747 F. App'x 765 (11th Cir. 2018), *cert. denied*, 2019 WL 113521 (U.S. Jan. 7, 2019); *Edwards v. United States*, 733 F. App'x 526

14

fails to meet his burden under *Beeman*.  His *Johnson* claim regarding this prior conviction fails.

**B.    McKenzie's Alabama Second-Degree Arson Conviction**

McKenzie contends that his 1991 Alabama conviction for arson in the second degree is not a generic arson for purposes of the ACCA's enumerated-offenses clause and that the district court therefore necessarily relied on the ACCA's residual clause to find his arson conviction qualified as a violent felony for purposes of the ACCA, in violation of *Johnson*.[11]  Docs. # 13 & 25.

Section 13A-7-42, Ala. Code 1975, provides:

(a) A person commits the crime of arson in the second degree if he intentionally damages a building by starting or maintaining a fire or causing an explosion.

(b) A person does not commit a crime under subsection (a) if:

(1) No person other than himself has a possessory or proprietary interest in the building damaged; or if other persons have those interests, all of them consented to his conduct; and

(2) His sole intent was to destroy or damage the building for a lawful and proper purpose.

(c) The burden of injecting the issue of justification in subsection (b) is on the defendant, but this does not shift the burden of proof.

---

(11th Cir. 2018), *cert. denied*, 2019 WL 121063 (U.S. Feb. 19, 2019); *Harper v. United States*, 742 F. App'x 445 (11th Cir.), *cert. denied*, 139 S. Ct. 579 (2018); *Ubele v. United States*, 742 F. App'x 417 (11th Cir. 2018); *United States v. North*, 738 F. App'x 683 (11th Cir. 2018); *Daniel v. United States*, 738 F. App'x 669 (11th Cir. 2018); *Harris v. United States*, 737 F. App'x 974 (11th Cir. 2018); *Butler v. United States*, 736 F. App'x 778 (11th Cir. 2018).

[11] As is the case with McKenzie's third-degree burglary conviction, neither party argues that an Alabama second-degree arson conviction qualifies as a violent felony under the ACCA's elements clause.

(d) A person commits the crime of arson in the second degree if he intentionally starts or maintains a fire or causes an explosion which damages property in a detention facility or a penal facility, as defined in Section 13A-10-30, with reckless disregard (because of the nature or extent of the damage caused or which would have been caused but for the intervention of others) for the safety of others.

§ 13A-7-42, Ala. Code 1975.

McKenzie argues that it is evident that his Alabama second-degree arson conviction was under subsection (d) of the statute because the factual background for that conviction set forth in his PSI stated: "Records reflect that while McKenzie was incarcerated at the Tallapoosa County Jail for Possession of Cocaine he set fire to some cotton material that he pulled out of his mattress." Doc. # 3-3 at 11, ¶ 37. McKenzie then argues that the offense set forth in subsection (d) does not constitute generic arson because generic arson requires the starting of a fire with the intention to damage a building or property, while subsection (d) proscribes the intentional starting of a fire without reference to whether there is an intent to damage a building or property. Thus, McKenzie says subsection (d) of the Alabama statute encompasses conduct broader than the conduct proscribed by the generic definition of arson, as it encompasses starting a fire without any corresponding intent to damage property. If the second-degree arson for which he was convicted didn't constitute generic arson, McKenzie argues, it was not a violent felony under the ACCA's enumerated-offenses clause. For McKenzie, it then logically follows that the district court necessarily relied on the ACCA's residual clause to find that his arson conviction qualified as a violent felony for purposes of the ACCA.

First, McKenzie does not dispute that a second-degree arson conviction under

subsection (a) of § 13A-7-42 would constitute generic arson.   Although, the facts underlying his conviction set forth in the PSI suggest that his arson conviction was under subsection (d) of the statute, it is not definitively clear from the record which subsection McKenzie was convicted under or if the full facts underlying his conviction might have supported a charge and conviction under subsection (a) as well as under subsection (d). Thus, there is a certain surmise in stating that McKenzie was convicted under subsection (d) of Alabama's second-degree arson statute.

Moreover, this court finds the offense set forth in subsection (d) of the statute, like the offense set forth in subsection (a), constitutes generic arson.   Subsection (d) criminalizes "intentionally start[ing] or maintain[ing] a fire or caus[ing] an explosion which damages property in a detention facility or a penal facility."   At the time of McKenzie's 2003 sentencing, the Supreme Court had held that a prior state conviction satisfies the ACCA's enumerated-offenses clause if its statutory definition substantially corresponds to the "generic" meaning of the enumerated offense.   *See Taylor v. United States*, 495 U.S. at 599.   The Eleventh Circuit had not weighed in on the generic definition of arson at that time.   However, at least one other circuit court had weighed in at the time McKenzie was sentenced, and that court defined generic arson as the "willful and malicious burning of personal property."   *United States v. Hathaway*, 949 F.2d 609, 610 (2d Cir. 1991).   A second circuit court, two years after McKenzie's sentencing, concurred, also finding generic arson to be the willful and malicious burning of property.   *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1230-31 (9th Cir. 2005).   The statute at issue in *Velasquez-Reye*s was a Washington state statute providing that "[a] person is guilty of

17

arson in the second degree if he knowingly and maliciously causes a fire or explosion which damages a building, or . . . any property." *See* Wash. Rev. Code § 9A.48.030(1) (1991). Like the offense described in subsection (d) of Alabama's second-degree arson statute, the Washington second-degree arson statute in *Velasquez-Reye*s proscribes the intentional starting of a fire without containing language that refers specifically to an intent to damage the property damaged. This court finds that McKenzie's Alabama conviction for second-arson even under subsection (d) of § 13A-7-42 substantially corresponds to this generic definition. Therefore, at the time of his 2003 sentencing, there would have been little dispute that McKenzie's Alabama second-degree arson conviction fell within the scope of the ACCA's enumerated-offenses clause. (In fact, there was no dispute at his sentencing.)

Further, McKenzie can point to no relevant law existing at the time of his 2003 sentencing indicating that Alabama second-degree arson, or a similarly worded arson statute, was considered a violent felony for ACCA purposes by relying on the residual clause. Certainly, the Eleventh Circuit has never held or considered whether Alabama second-degree arson, under either subsection (a) or subsection (d) of the statute, qualifies as a violent felony under the residual clause. And McKenzie can point to no facts in the record (including the PSI and the sentencing transcript) that establish that the sentencing court relied solely on the residual clause to qualify his Alabama second-degree arson conviction as a violent felony for purposes of the ACCA. *See Beeman*, 871 F.3d at 1221. As with McKenzie's prior Alabama burglary conviction, the sentencing court made no express finding that Alabama arson qualified under either the residual clause or the enumerated-offenses clause. The PSI does not state which clause the arson conviction

18

qualified under, and neither McKenzie's counsel nor counsel for the government argued which clause applied to qualify the arson conviction as a violent felony under the ACCA. *See Ubele v. United States*, 742 F. App'x 417, 420 (11th Cir. 2018) (finding that a similar lack of case law and record evidence precluded petitioner from making *Beeman*'s required showing that it was "more likely than not" the sentencing court relied solely on the residual clause to find his prior Georgia arson conviction was a violent felony for purposes of the ACCA).

There is no evidence that the sentencing court's ACCA decision regarding McKenzie's Alabama second-degree arson conviction rested on the residual clause. The more likely inference is that the court's determination rested on the enumerated-offenses clause. As stated, there is no mention of the residual clause in the sentencing record. Moreover, the enumerated-offenses clause explicitly includes "arson" as a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). *See Ubele*, 742 F. App'x at 420 ("But perhaps most important, 'arson' is an enumerated offense under the ACCA. Therefore, even if Ubele was sentenced in part under the ACCA's residual clause, the silence of record leaves no basis to conclude that the residual clause alone was used to qualify his 1998 Georgia arson conviction as a violent felony. *See Beeman*, 871 F.3d at 1222 ('If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause.'")).

The record and the relevant law when McKenzie was sentenced do not suggest that the district court relied solely on the residual clause to find that McKenzie's Alabama

second-degree arson conviction was a violent felony for purposes of the ACCA.[12] Therefore, McKenzie fails to sustain his *Johnson* claim as to this prior conviction.

A movant cannot sustain his burden under *Johnson* by demonstrating that it is "merely possible that the court relied on [the residual clause] to enhance the sentence." *Beeman*, 871 F.3d at 1221. Here, the record is unclear, and "'where . . . the evidence does not clearly explain what happened[,] . . . the party with the burden loses.'" *Id.* at 1225. That party is McKenzie. This court finds that McKenzie has the requisite three ACCA predicates for sentencing enhancement.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that McKenzie's § 2255 motion be DISMISSED as a second or successive motion.

It is further

ORDERED that on or before **March 26, 2019**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. Failure to file a written objections to the

---

[12] Because there is no evidence the sentencing court relied on the residual clause to find McKenzie's Alabama second-degree arson conviction was a violent felony for purposes of the ACCA, McKenzie's claim might be viewed as an argument that the sentencing court incorrectly considered his arson conviction to qualify as an ACCA enhancer as an enumerated offense. In *Beeman*, the Eleventh Circuit distinguished between *Johnson* claims and *Descamps* claims. In a *Descamps* claim, the defendant asserts that he "was incorrectly sentenced as an armed career criminal under the elements or enumerated offenses clause." *Beeman*, 871 F.3d at 1220. A *Johnson* claim, by contrast, "contends that the defendant was sentenced as an armed career criminal under the residual clause." *Id.* An argument regarding the erroneous application of the enumerated-offenses clause—where there is no evidence the sentencing court relied on the residual clause—presents a *Descamps* claim, not a *Johnson* claim. Any *Descamps* claim, however, is well outside § 2255(f)'s one-year limitation period. *See Beeman*, 871 F.3d at 1219–20.

Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE this 12th day of March, 2019.


 _s/   Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE