IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LEWIS McKENZIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16-CV-466-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

In 2003, McKenzie was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his conviction for possession of a firearm by a convicted felon, *see* 18 U.S.C. § 922(g)(1), and his three qualifying prior convictions. *See* § 924(e) (imposing a fifteen-year mandatory minimum sentence on any defendant "who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both"). In 2015, the Supreme Court held that the definition of "violent felony" in the ACCA's residual clause, *see* § 924(e)(2)(B), is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). In 2016, the Supreme Court held that *Johnson* is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). After *Welch*, McKenzie filed this timely § 2255 motion seeking relief

under *Johnson* on grounds that he no longer has three prior qualifying convictions under the ACCA and, thus, is not eligible for an enhanced sentence. He moves the court to grant his § 2255 motion, vacate his current sentence, and resentence him without consideration of the ACCA.

Before the court is the Recommendation of the Magistrate Judge (Doc. # 26) that this court deny McKenzie's motion because he cannot show, as he must under *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), that it is more likely than not that his sentence on his § 922(g)(1) conviction was enhanced under the ACCA's residual clause in violation of *Johnson*. McKenzie objects. Based upon a *de novo* review of those portions of the Recommendation to which McKenzie objects, *see* 28 U.S.C. § 636(b)(1), the court overrules McKenzie's objections, adopts the Recommendation, and denies McKenzie's § 2255 motion.

## II. DISCUSSION

In *Beeman*, the Eleventh Circuit held that, "[t]o prove a *Johnson* claim, the movant must show that — more likely than not — it was use of the residual clause that led to the sentencing court's enhancement of his sentence." 871 F.3d at 1221–22. "[I]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222; *see also generally United States v. Pickett*, 916 F.3d

960, 963 (11th Cir. 2019) (explaining that *Beeman* "provided a precedential answer to what a [*Johnson*] movant needed to show to succeed on a § 2255 motion"). The *Johnson* movant's burden is tied to "historical fact" — whether at the time of sentencing the defendant was "sentenced solely per the residual clause." *Beeman*, 871 F.3d at 1224 n.5. Hence, a decision rendered after sentencing "casts very little light, if any, on the key question of historical fact."[1] *Id.* The Eleventh Circuit has explained that, under *Beeman*, "[t]o determine this 'historical fact,'" the § 2255 court "look[s] first to the record" and, if the record is not determinative, "to the case law at the time of sentencing." *Pickett*, 916 F.3d at 963. "Sometimes the answer will be clear — '[s]ome sentencing records may contain direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential.'" *Id.* (quoting *Beeman*, 871 F.3d at 1224 n.4). The court "might also look elsewhere in the record, to a PSI, for example, to find 'circumstantial evidence.'" *Id.* at 963–64 (quoting *Beeman*, 871 F.3d at 1224 n.4).

The sentencing court found that McKenzie had three qualifying prior convictions under the ACCA. Although the record is silent as to which of McKenzie's prior convictions qualified, in this § 2255 proceeding, the parties agree

---

[1] The government initially conceded that McKenzie's sentence must be vacated because his third-degree burglary conviction today no longer qualifies as an ACCA predicate offense. After *Beeman*, given the Eleventh Circuit's focus on historical fact, the government withdrew its concession. (Doc. # 22, at 11, 23–24.)

that those convictions were: (1) a 1986 Alabama conviction for distribution of marijuana; (2) a 1986 Alabama conviction for burglary in the third degree; and (3) a 1991 Alabama conviction for arson in the second degree. McKenzie argues that he has made the required showing under *Beeman* because, at the time of his sentencing hearing, his prior Alabama convictions for second-degree arson and third-degree burglary only qualified as "violent felonies" under the now-void residual clause in § 924(e)(2)(B)(ii). The Magistrate Judge disagrees. The Magistrate Judge concludes that "[t]he record and the relevant law when McKenzie was sentenced do not suggest that the district court relied solely on the residual clause to find that McKenzie's Alabama second-degree arson conviction was a violent felony for purposes of the ACCA." (Doc. # 26, at 19–20.) He opines further that, notwithstanding precedent today that Alabama third-degree burglary is not a violent felony under the enumerated-offenses clause because it is not generic burglary, "the case law was not clear at the time of [McKenzie's] sentencing that only the residual clause, and not also the enumerated-offenses clause, would authorize a finding that an Alabama third-degree burglary conviction was a violent felony." (Doc. # 26, at 12.) Accordingly, the Magistrate Judge recommends that this court find that McKenzie cannot prevail on his *Johnson* claim.

McKenzie's objections are twofold. First, McKenzie challenges the Recommendation's findings addressing his Alabama conviction for second-degree

arson under Alabama Code § 13A-7-42. (*See* Doc. # 26, at 15–20.) Second, focusing on the Magistrate Judge's findings regarding his Alabama conviction for third-degree burglary, McKenzie contends that the Magistrate Judge erred in failing to hold an evidentiary hearing. McKenzie's objections will be overruled. The Eleventh Circuit's decision in *Beeman* compels the denial of McKenzie's motion, and McKenzie has not shown that he is entitled to an evidentiary hearing.

## A.    McKenzie has not shown that it is more likely than not that the district court relied only on the residual clause to find that his Alabama second-degree arson conviction qualified as a violent felony under the ACCA.

One takeaway from *Beeman* is this: It is difficult for a *Johnson* movant to satisfy his burden when the sentencing record is silent as to whether the district court relied upon the residual clause to find that the conviction qualified as an ACCA predicate. Denying relief in *Beeman*, the Eleventh Circuit explained why its *Johnson* movant had not carried his burden on the silent sentencing record:

> Beeman concedes that there is nothing in the record suggesting that the district court relied on only the residual clause in sentencing him. In his § 2255 motion, he stated in conclusory terms that the district court must have relied on the residual clause, but nothing in the record supports this argument; and Beeman has pointed to no precedent in 2009 holding, or otherwise making obvious, that a violation of Georgia's aggravated assault statute qualified as a violent felony only under the residual clause. Instead, citing to no authority, his motion merely asserts in general terms that "a Georgia conviction for aggravated assault . . . [has] historically qualified as an ACCA predicate under [the ACCA]'s residual clause." Beeman — relying only on cases involving Florida burglary convictions — also contends that this Court has "been using the residual clause as a default home for many state

5

statutes that might otherwise have been counted under the elements or enumerated crimes clauses." These general observations, however, are not enough to carry his burden of establishing that he, in fact, was sentenced as an armed career criminal here solely because of the residual clause.

*Beeman*, 871 F.3d at 1224; *see also Ubele v. United States*, 742 F. App'x 417, 420 (11th Cir. 2018) ("[T]he silence of record leaves no basis to conclude that the residual clause alone was used to qualify his 1998 Georgia arson conviction as a violent felony.").

This case, like *Beeman*, presents a silent sentencing record as to whether the residual clause played any part in McKenzie's ACCA-enhanced sentence. First, there is nothing explicit in the sentencing record revealing even whether McKenzie's enhanced sentence encompassed his 1991 Alabama arson conviction. The presentence report ("PSI") provides only that McKenzie "is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)" (Doc. # 3-3, at 8), without specifying which of McKenzie's prior convictions qualified as ACCA predicate offenses. Second, assuming as the parties do that the arson conviction was one of the three convictions that counted, the PSI does not indicate which clause of the ACCA's definition of "violent felony" applied. Third, there are no statements at the sentencing hearing — by either the district court or the parties — that suggest that the district court relied only on the residual clause in finding that McKenzie had three qualifying prior convictions under the ACCA. In fact, there is no mention

during the sentencing hearing of McKenzie's Alabama arson conviction. Given that there were no factual objections to the ACCA's application, the silence is unsurprising.[2] But that silence leaves McKenzie in the same position as the movant in *Beeman* — with "nothing in the record suggesting that the district court relied on only the residual clause in sentencing him." 871 F.3d at 1224.

Fourth, as in *Beeman*, McKenzie has not pointed to any case law — either binding or non-binding — that existed at the time of sentencing that would indicate that the district court more likely than not relied only on the residual clause to find that his Alabama second-degree arson conviction qualified as a violent felony. This court, like the Magistrate Judge, did not find any precedent from this circuit that analyzed Alabama's second-degree arson statute under the residual clause. *See Beeman*, 871 F.3d at 1224 (noting that the movant had identified no "precedent [from the time he was sentenced] holding, or otherwise making obvious, that a violation of [his state crime] qualified as a violent felony only under the residual clause"). No further analysis is needed to find that McKenzie cannot prove his *Johnson* claim.

But, even if McKenzie could show that the sentencing court had in mind that McKenzie's second-degree arson conviction "qualified under the residual clause,

---

[2] The only argument tethered to the ACCA was defense counsel's contention that *Taylor v. United States*, 495 U.S. 575 (1990), had been wrongly decided. Overruling the objection, the sentencing court noted that the legal objection was preserved.

this would only get [McKenzie] halfway." *Pickett*, 916 F.3d at 965. McKenzie also would "need[ ] to show that it is unlikely that the trial court thought the convictions also qualified under the [enumerated offenses] clause."[3] *Id.* McKenzie cannot make this showing either.

Arguing the unlikelihood, McKenzie challenges the Recommendation's finding that, at the time of his sentencing, "there would have been little dispute that McKenzie's Alabama second-degree arson conviction fell within the scope of the ACCA's enumerated-offenses clause" (Doc. # 26, at 18). (Doc. # 29, at 3.) The Magistrate Judge reasoned that, even though the sentencing record does not establish under which subsection of § 13A-7-42 McKenzie was convicted, both subsections constitute generic arson and thus are violent felonies under the enumerated-offenses clause.[4] (Doc. # 26, at 17 (citing *Taylor v. United States*, 495 U.S. 575, 599 (1990), for the principle that "a prior state conviction satisfies the ACCA's enumerated-offenses clause if its statutory definition substantially corresponds to the 'generic' meaning of the enumerated offense").

---

[3] Consistent with the parties' positions, the Recommendation concluded that, at the time of McKenzie's sentencing hearing, only two of the three clauses defining "violent felony" under the ACCA were potentially applicable to McKenzie's arson conviction: (1) the enumerated-offenses clause and (2) the residual clause. (*See* Doc. # 26, at 15 & n.11.)

[4] Since the time of McKenzie's offense and conviction, Alabama's second-degree arson statute has provided two alternative ways to commit arson in the second degree: (1) by "intentionally damag[ing] a building by starting or maintaining a fire," § 13A-7-42(a), or (2) by "intentionally start[ing] . . . a fire . . . which damages property in a detention facility or a penal facility . . . with reckless disregard . . . for the safety of others," *id.* § 13A-7-42(d).

McKenzie contends that his second-degree arson conviction was under subsection (d) and that, contrary to the Magistrate Judge's finding, subsection (d) does not constitute generic arson. Therefore, according to McKenzie, his conviction does not qualify as a violent felony under the enumerated-offenses clause. In an attempt to establish that the sentencing court must have reached the same conclusion, McKenzie hypothesizes that the court employed a multi-step approach in order to eliminate the applicability of the enumerated-offenses clause to the arson conviction. As McKenzie's hypothesis goes, the sentencing court, although unguided by precedent, decided that (1) Alabama's second-degree arson statute is divisible, (2) applied the modified categorical approach, (3) projected that the modified categorical approach would permit consideration of the PSI's undisputed facts, (4) concluded that, on the basis of those facts, McKenzie's conviction could have only been under § 13A-7-42, (5) resolved that subsection (d) does not require an intent to cause property damage, and (6) opined that, therefore, subsection (d) was broader than generic arson as enumerated in the ACCA.

Under *Beeman*, McKenzie asks far too much. Perhaps the sentencing court thought it through, step by step, exactly as McKenzie proposes, and reached the result McKenzie advances. Perhaps it did not. There is no way to know. McKenzie has not shown that it is more likely than not that the sentencing court followed this path and therefore relied only on the residual clause. At best, there is a modicum of

evidence — the PSI's inclusion of facts of the underlying conduct — to show an arguable basis that McKenzie's arson conviction fell under subsection (d). But there is no other evidence in the sentencing record — no oral or written rulings, no concessions, no pertinent arguments, and no other facts in the PSI — that support all the steps along the path of McKenzie's hypothesis. Importantly also, McKenzie points to no precedent at the time of sentencing that would have required the district court to take the path that McKenzie urges.

McKenzie argues, though, that *Brown v. Carraway*, 719 F.3d 583, 590 (7th Cir. 2013) — which held that a Delaware arson statute was not generic arson because it permitted a *mens rea* of less than willfulness (*i.e.*, recklessness) — supports his theory that the sentencing court did not consider the enumerated-offenses clause when it enhanced his sentence under the ACCA. According to McKenzie, *Brown* proves that § 13A-7-42(d) is broader than generic arson because it requires only an intent to start a fire, not an intent to cause property damage, and "includes a *mens rea* of recklessness." (Doc. # 29, at 3.) But *Brown*, which did not address a *Johnson* claim, is a development in the case law of another circuit about another state's arson statute, occurring a decade after McKenzie's sentencing hearing. *Brown* does not resolve whether a different sentencing court ten years earlier actually relied on the residual clause in sentencing a defendant under the ACCA based on an Alabama arson statute. Accordingly, the *Brown* decision obviously cannot establish that the

"law was clear *at the time of sentencing* that only the residual clause would authorize a finding that the prior [arson conviction] was a violent felony."[5] *Beeman*, 871 F.3d at 1224 (emphasis added).

The bottom line is that McKenzie's objection to the Recommendation's conclusion that subsection (d) of Alabama's second-degree arson statute is generic arson need not be resolved in order to find that McKenzie has not met his burden under *Beeman*. The silent sentencing record and the absence of clear case law at the time of McKenzie's sentencing that § 13A-7-42(d) "qualified as a violent felony only under the residual clause" invalidate McKenzie's argument. *Beeman*, 871 F.3d at 1224.

Moreover, arson's express inclusion in the enumerated-offenses clause was significant to one panel's rejection of a *Johnson* movant's claim under *Beeman*. To borrow from the panel's *Ubele* decision: "[P]erhaps most important, 'arson' is an enumerated offense under the ACCA. Therefore, even if [McKenzie] was sentenced in part under the ACCA's residual clause, the silence of record leaves no basis to conclude that the residual clause alone was used to qualify his [1991 Alabama arson

---

[5] Additionally, to the extent that McKenzie's objection contains an argument that the district court committed error if it did find that McKenzie's arson conviction was a violent felony under the ACCA's enumerated-offenses clause, that claim is an untimely *Descamps* claim, *see Descamps v. United States*, 570 U.S. 254 (2013), not a *Johnson* claim. *See Beeman*, 871 F.3d at 1220 (clarifying that a claim based on *Descamps* — namely that "the defendant was incorrectly sentenced as an armed career criminal under the elements or enumerated offenses clause" — does not trigger the one-year limitations provision of 28 U.S.C. § 2255(f)(3) (as a claim based on *Johnson* does)).

conviction] as a violent felony." 742 F. App'x at 420. McKenzie cannot meet his burden under *Beeman*.

Alternatively, with an implicit recognition that his *Johnson* claim falters under *Beeman*, McKenzie argues that the panel decision in *Beeman* was wrongly decided. But *Beeman* is binding on this court, and the district court does not provide a platform for overturning the law of the circuit. *See Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision.").

In sum, the sentencing record is silent as to whether the district court relied only on the residual clause in sentencing McKenzie under the ACCA. And McKenzie has pointed to no precedent at the time of his sentencing "holding, or otherwise making obvious, that a violation of [Alabama's second-degree arson statute] qualified as a violent felony only under the residual clause." *Beeman*, 871 F.3d at 1224. As in *Beeman*, McKenzie's "general observations" are not sufficient to carry his burden of showing that his sentence was enhanced "solely because of the residual clause." *Id.* Accordingly, McKenzie has not supported his *Johnson* claim.[6]

---

[6] McKenzie does not stand alone. Other *Johnson* movants in this circuit also have been unable to withstand the weight of *Beeman*'s holding on silent sentencing records. *See, e.g., Swatzie v. United States*, No. 18-13018, 2019 WL 141062, at *1 (11th Cir. Jan. 9, 2019) ("The district court properly found that Swatzie failed to meet his burden under *Beeman*. The record of Swatzie's sentencing is silent as to the basis for the ACCA enhancement. And the relevant law as of the date

**B.     McKenzie has not shown that he is entitled to an evidentiary hearing.**

Focusing on his third-degree burglary conviction, McKenzie argues that the Eleventh Circuit's decision in *Beeman* "requires an evidentiary hearing" to permit him "the opportunity to prove his case." (Doc. # 29, at 9–10.) He contends that the Magistrate Judge erred in not holding one. But McKenzie has not alleged any "reasonably specific, non-conclusory facts that, if true, would entitle him to relief" on his *Johnson* claim. *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002) (setting out what a § 2255 movant must show to receive an evidentiary hearing).

---

he was sentenced does not suggest he was, in fact, sentenced as an armed career criminal 'solely because of the residual clause.'"); *Bivins v. United States*, 747 F. App'x 765, 769 (11th Cir. 2018) (holding that on the "completely silent" sentencing record "Bivins failed to carry his burden of proof" under the circuit's *Beeman* precedent), *cert. denied*, 139 S. Ct. 856 (2019); *Harper v. United States*, 742 F. App'x 445 (11th Cir.), *cert. denied*, 139 S. Ct. 579 (2018) (holding that, on the silent sentencing record, "Harper (like the movant in Beeman) cannot show that he more likely than not was sentenced under the residual clause."); *Ubele v. United States*, 742 F. App'x 417, 420 (11th Cir. 2018) *Upshaw v. United States*, 739 F. App'x 538, 540 (11th Cir. 2018) (concluding that, on the silent record, *Beeman* foreclosed the defendant's *Johnson* claim), *cert. denied*, 139 S. Ct. 841 (2019); *Harris v. United States*, 737 F. App'x 974, 978 (11th Cir. 2018) (holding that, "as was the case in *Beeman*, the record is similarly silent as to [whether the sentencing court deemed the Georgia aggravated-assault conviction a qualifying ACCA predicate offense under the residual clause or the elements clause]; neither the PSI nor the district court at sentencing explained or indicated in any way whether the ACCA enhancement applied because Georgia aggravated assault was a violent felony under the ACCA's elements clause or residual clause"), *cert. denied*, ___ S. Ct. ___, No. 18-6936, 2019 WL 1428972 (2019); *Edwards v. United States*, 733 F. App'x 526, 527 (11th Cir. 2018) ("Under *Beeman*, Edwards cannot carry his burden of proving that he was sentenced under the ACCA's residual clause because nothing in the record shows that the sentencing court relied on the residual clause in concluding that his Florida arson conviction qualified as an ACCA predicate and Edwards has cited no precedent from the time of sentencing showing that Florida arson qualified only under the residual clause."), *cert. denied*, 139 S. Ct. 1216 (2019).

McKenzie requested an evidentiary hearing if the court disagreed with his motion in order "to suss out whether the district court *in fact* relied solely upon the residual clause at the time of his sentencing hearing." (Doc. # 25, at 31.) Now, in his objection, he argues, without elaboration, that, unlike the movant in *Beeman*, he does not concede that he cannot "make certain showings from the existing record." (Doc. # 29, at 10.) But McKenzie does not indicate what facts he would offer to show that the district court relied only on the unconstitutional residual clause of the ACCA or what factual showings he would make. The Magistrate Judge did not err in not holding a hearing.

### III. CONCLUSION

McKenzie's § 2255 motion raising a *Johnson* claim must be denied because, under *Beeman*, McKenzie has failed to carry his burden of proving that it was more likely than not that he was sentenced as an armed career criminal under the ACCA's residual clause. The Magistrate Judge did not err in recommending the denial of McKenzie's § 2255 motion. Accordingly, it is ORDERED as follows:

(1)     McKenzie's objections (Doc. # 29) are OVERRULED;

(2)     The Recommendation of the Magistrate Judge (Doc. # 26) is ADOPTED in accordance with this Memorandum Opinion and Order;

(3)     McKenzie's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Doc. # 1) is DENIED; and

(4)     This action is DISMISSED with prejudice.

Final judgment will be entered separately.

DONE this 8th day of May, 2019.

_/s/ W. Keith Watkins_____
UNITED STATES DISTRICT JUDGE